# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| ABNER HAYNES LISTER, | Civil No. 07-0822 BEN (JMA) |
|---|---|
| Petitioner, | |
| vs. | **ORDER:** |
| | **(1) CONFIRMING PETITIONER'S ABANDONMENT OF GROUNDS THREE AND FOUR OF THE PETITION, AND** |
| I.D. CLAY, Warden, et al., | |
| Respondents. | **(2) REQUIRING RESPONSE (28 U.S.C. § 2254)** |

On May 7, 2007, Petitioner filed a Petition for Writ of Habeas Corpus raising four grounds for relief. [Doc. No. 1.] The Petition form indicated that Petitioner had not exhausted available state remedies regarding Grounds Three and Four of the Petition. (Petition at 13-14.) On May 8, 2007, the Court issued a Notice Regarding Possible Dismissal of Petition for Failure to Exhaust State Court Remedies. [Doc. No. 3.] The Notice informed Petitioner hat he had filed a Petition containing both exhausted and unexhausted claims and set out four options for Petitioner with regard to the Petition and the claims contained therein. The Notice gave Petitioner until June 29, 2007 to select an option and respond, and it gave Respondent until July 30, 2007 to file any reply.

//

On May 30, 2007 (nunc pro tunc to May 25, 2007), Petitioner filed a paper and exhibits beginning "[h]ere [are] copies of my opening and reply brief[s] to demonstrate that Ground Four ... was raised and exhausted in the state courts." [Doc. No. 6.] The paper goes on to state:

> If this Court determines that Ground Four: Ineffective Assistance of Counsel is an unexhausted claim I the Petitioner wish[] to formally abandon Ground[s] Three and Four as unexhausted claims and proceed with my exhausted ones.

(Id. at 1.) On June 13, 2007, Petitioner filed a Notice Regarding Request to Amend Petition. [Doc. No. 8.] The "Notice" appears to consist entirely of copies of pages from the petition for review filed on Petitioner's behalf in the California Supreme Court and containing the substance of Grounds One and Two of his federal Petition. (Id.) The Notice does indicate that Grounds Three and Four of the Petition are unexhausted.

The Court now construes Petitioner's filings in response to the Court's May 8, 2007 Order collectively as a formal abandonment of the unexhausted claims raised in the Petition (Grounds Three and Four). The Court therefore finds that Petitioner has now abandoned Grounds Three and Four of the original Petition and that **the Petition consists ONLY of Grounds One and Two**.

Further, and in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, **IT IS ORDERED** that:

a. The Clerk of this Court shall promptly (1) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (2) serve a copy of this Order on Petitioner.

b. If Respondent contends the Petition can be decided without the Court's reaching the merits of Petitioner's claims other than because Petitioner has failed to exhaust state remedies (e.g., because Respondent contends that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondent shall file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases no later than **August 31, 2007**. The motion to dismiss shall not address the merits of Petitioner's claims, but rather shall address all grounds upon which Respondent contends dismissal without reaching the

merits of Petitioner's claims is warranted. At the time the motion to dismiss is filed, Respondent shall lodge with the Court all records bearing on Respondent's contention in this regard. A hearing date is <u>not</u> required for the motion to dismiss.

  c. If Respondent files a motion to dismiss, Petitioner shall file his opposition, if any, to the motion no later than **October 1, 2007**. At the time the opposition is filed, Petitioner shall lodge with the Court any records not lodged by Respondent which Petitioner believes may be relevant to the Court's determination of the motion.

  d. Unless the Court orders otherwise, Respondent shall not file a reply to Petitioner's opposition to a motion to dismiss. If the motion is denied, the Court will afford Respondent adequate time to respond to Petitioner's claims on the merits.

  e. If Respondent does not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondent shall file and serve an answer to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases no later than **September 28, 2007**. At the time the answer is filed, Respondent shall lodge with the Court all records bearing on the merits of Petitioner's claims. The lodgments shall be accompanied by a notice of lodgment which shall be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondent shall not combine separate pleadings, orders or other items into a combined lodgment entry. Each item shall be numbered separately and sequentially.

  f. Petitioner may file a traverse to matters raised in the answer no later than **October 29, 2007**. Any traverse by Petitioner (a) shall state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) shall be limited to facts or arguments responsive to matters raised in the answer; and (c) shall not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse shall exceed ten (10) pages in length absent advance leave of Court for good cause shown.

  g. A request by a party for an extension of time within which to file any of the pleadings required by this Order should be made in advance of the due date of the pleading, and the Court

will grant such a request only upon a showing of good cause. Any such request shall be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

  h. Unless otherwise ordered by the Court, this case shall be deemed submitted on the day following the date Petitioner's opposition to a motion to dismiss and/or his traverse is due.

  i. Every document delivered to the Court must include a certificate of service attesting that a copy of such document was served on opposing counsel (or on the opposing party, if such party is not represented by counsel). Any document delivered to the Court without a certificate of service will be returned to the submitting party and will be disregarded by the Court.

  j. Petitioner shall immediately notify the Court and counsel for Respondent of any change of Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED.**

DATED: June 21, 2007

                Jan M. Adler
                U.S. Magistrate Judge